IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES DIZOGLIO and
SVETLANA SAVACENCO                                                            PLAINTIFFS

v.                                    Case No. 2:12-mc-00013

EDWARD T. CROISSANT, individually;
MICHAEL HARRELL, individually;
and the CITY OF TAMPA, a Florida
Municipal Corporation                                                          DEFENDANTS

**ORDER**

Currently before the Court are non-parties Weldon, Williams & Lick, Inc. ("WWL") and Susan Martin's Motion to Quash Subpoenas (Doc. 1) and Brief in Support (Doc. 2), as well as Plaintiffs' Response (Doc. 4). The Court held a telephonic hearing on March 27, 2012[1], during which counsel had the opportunity to make oral argument to the Court. The depositions that are the subject of the Motion to Quash (Doc. 1) are currently set for Thursday, March 29, 2012, in Fort Smith, Arkansas. Movants contend pursuant to Fed. R. Civ. P. 45 (c)(3)(B)(i) that compliance with Plaintiffs' subpoenas would irreparably harm movants by requiring them to disclose trade secrets or other confidential research, development, or commercial information.

Rule 45 (c)(3)(B)(i) states that "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or confidential research, development, or commercial information." Here, the subpoenas were issued by Plaintiffs for the purpose of deposing both WWL's company representative and its employee,

---

[1] Plaintiffs' Response Brief (Doc. 4) had not been filed at the time of the telephonic hearing, but the Court has since received and considered the Brief in this Order.

Susan Martin. The underlying lawsuit concerns Plaintiffs' arrest in Tampa, Florida in 2009 for the sale of counterfeit Super Bowl tickets. The tickets in question were not counterfeit but were authentic, and the tickets were manufactured for the National Football League ("NFL") by non-party WWL. (Doc. 4, para. 1). The ticket scanning devices used during the Super Bowl to verify ticket authenticity were also provided by WWL to the NFL, but these scanning devices were manufactured by another party.

According to the Notice of Depositions, Plaintiffs seek information from WWL regarding the authenticity of the Super Bowl tickets in question, the ticket readers used for the Super Bowl, the identity of the manufacturer of the ticket readers, the information contained in any package inserts and results of any and all testing of the ticket readers in question, and any training or instructions that accompanied the ticket readers, as well as information on "the proper role of the ticket reader in conjunction with the other overt and covet [sic] security features contained in the 2009 Super Bowl tickets." (Doc. 1-3).

WWL's President, James D. Walcott, Jr., states in an affidavit accompanying WWL's Motion to Quash that the tickets in question have already been admitted to be authentic and that WWL has no knowledge as to the technology required to create the ticket readers that were used during the Super Bowl. Moreover, WWL has entered into confidentiality agreements with the manufacturers of the ticket readers and providers of the materials used in creating tickets. WWL employees and vendors are thus "required to maintain the confidentiality of the processes and procedures in order to insure security, prevent counterfeiting, aid event officials and law enforcement, protect the interests of the end users of the tickets and protect the Company's financial interests." (Doc. 1-4, para. 4). Mr. Walcott testifies in his affidavit that "[i]f the processes or procedures, or any portion

thereof, were to be made public, the Company, its customers and the public would suffer irreparable harm." *Id.*

The Court finds that the information sought by Plaintiffs through the depositions of WWL and WWL employee Susan Martin would require disclosure of trade secrets or confidential research, development, or commercial information.  The information sought is protected by confidentiality agreements between WWL and its customers and suppliers, and if such information were revealed in a public forum, it would cause irreparable injury to WWL and its business.  Modification of the subpoenas will not adequately protect WWL, due to the fact that all areas of inquiry described in Plaintiffs' Notice of Depositions (Doc. 1-3) would require WWL to disclose confidential information.  The only possible area of inquiry that would not require disclosure of trade secrets is WWL's confirmation of the authenticity of the Super Bowl tickets in question; however, this fact is not disputed by Defendants, as the tickets are admittedly authentic.  (Doc. 1, para. 9).

Accordingly, pursuant to Fed. R. Civ. P. 45 (c)(3)(B), non-parties Weldon, Williams & Lick, Inc. ("WWL") and Susan Martin's Motion to Quash Subpoenas (Doc. 1) is hereby GRANTED and the subpoenas are quashed.

IT IS SO ORDERED this 28th day of March, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE